USCA1 Opinion

 

 October 5, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-1796 JEROME E. CASSELL, Plaintiff, Appellant, v. NANCY OBER, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Stahl, Circuit Judges. ______________ ____________________ Jerome E. Cassell on Motion For Stay Or Injunction Pending ___________________ Appeal, pro se. David W. Immen on Motion To Dismiss for appellee. ______________ ____________________ ____________________ Per Curiam. We have before us a motion by ___________ appellant denominated "motion for a stay or injunction pending appeal," and a cross-motion by defendant "to dismiss the appeal." We construe these filings as cross-motions for summary disposition. Appellant Cassell was convicted in a New Hampshire state court of felonious sexual assault. While his criminal conviction was pending on direct appeal, he brought this action for damages under 42 U.S.C. 1983, alleging that the defendant had conspired with the police to falsify evidence and otherwise cause the plaintiff to be wrongfully convicted in the state case. The district court initially determined, on a preliminary review of the complaint under 28 U.S.C. 1915, and circuit precedent, that the federal damages claim should be stayed pending exhaustion by plaintiff of his state remedies. Shortly thereafter, however, the Supreme Court resolved a conflict among the circuits by ruling that "a 1983 cause of action for damages attributable to an unconstitutional conviction does not accrue until the ______ conviction . . . has been invalidated." Heck v. Humphrey, ____ ________ 114 S. Ct. 2364, 2373 (1994) (emphasis added); see also _________ Guzman-Rivera v. Rivera-Cruz, 29 F.3d 3, 5 (1st Cir. 1994). _____________ ___________ The district court then correctly determined that application of the Supreme Court's decision required the dismissal of plaintiff's claim as premature. Plaintiff's motion indicates that he is somewhat confused about the effect of the dismissal. We explain, first, that plaintiff is not prejudiced by the dismissal because it does not prevent him from later filing a proper and timely complaint for damages should he first succeed in having his conviction reversed on direct appeal, expunged, or otherwise declared invalid by a tribunal authorized to make such a determination. Id. Second, plaintiff is incorrect in ___ assuming that the dismissal violates this court's mandate in an earlier appeal filed by plaintiff in another case. Appeal no. 93-16O7 (one of three consolidated appeals) involved the dismissal, by a different district judge, of a separate lawsuit in which plaintiff had named different defendants. Our remand of that case for further consideration as to whether some of the claims should be stayed, also predated the Supreme Court's decision in Heck. The effect of an ____ intervening Supreme Court decision on claims pending in the district court at the time of the decision is a question committed in the first instance to the particular judge presiding over each case. Finding no substantial question presented, and for the reasons articulated in the district court's order, the judgment below is affirmed. See Loc. R. 27.1. ________ ___ -3-